**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**ANTHONY D. GARLAND,
D.O.C. # L42997,**

      **Plaintiff,**

**vs.**                            **Case No. 4:09cv358-SPM/WCS**

**DAVID B. WHEELER,
and PETER SAPAK,**

      **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed a civil rights complaint on September 8, 2009, against an assistant public defender and assistant state attorney. Doc. 1. I prepared an order on September 11, 2009, granting Plaintiff's motion for leave to proceed *in forma pauperis*. Docs. 3, 5. Plaintiff was ordered to submit an initial partial filing fee by October 12, 2009. Doc. 5. That order should be vacated.

Plaintiff responded to question D of the complaint form, as to whether he had ever had any actions in federal court dismissed as frivolous, malicious, for failing to state a claim, or prior to service, by answering, "I don't remember which case but I had

one I think."  Doc. 1, p. 6.  That equivocal answer, along with familiarity of Plaintiff's name, led to a search of court records.  I discovered that on March 6, 2009, I entered a report and recommendation in case 4:08cv580-RS/WCS directing that the case be dismissed because Plaintiff should not have been granted *in forma pauperis* status.  It was discovered that Plaintiff had already accumulated at least three "strikes" under 28 U.S.C. § 1915(e) such that he was not entitled to *in forma pauperis* status.

Plaintiff has once again, been mistakenly granted *in forma pauperis* status in this case.  Doc. 5.  Plaintiff has attempted to deceive the Court by not disclosing all prior dismissals under 28 U.S.C. § 1915 in answering Question D on the complaint form.  Doc. 1, p. 6.  Plaintiff was just recently reminded of the cases in which he received a "strike" under § 1915 in the report and recommendation entered in March, 2009, in case 4:08cv580-RS/WCS.  As listed there, Plaintiff has three prior prisoner actions dismissed in the Southern District of Florida on the grounds that they were frivolous, malicious, or failed to state a claim.  Cases numbered 0:08cv1020 and 08cv61054 were dismissed as frivolous under Heck v. Humphrey.  Additionally, Plaintiff had case 08cv61052 dismissed for failure to state a claim.  Plaintiff has now had a case in this Court dismissed pursuant to 28 U.S.C. § 1915(g).  Case 4:08cv580, docs. 11 and 17.

Considering that Plaintiff's motion seeking leave to proceed *in forma pauperis*, doc. 3, should not have been granted in this case, it is now recommended that the motion be denied and the erroneous order, doc. 5, be vacated.  Plaintiff is not entitled to *in forma pauperis* status and this case should be dismissed.

The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff's allegations against an assistant public defender and assistant state attorney do not bring him within the "imminent danger" exception. Those persons are not located with Plaintiff in prison. As Plaintiff has had at least three prior § 1915(e) dismissals and is not under imminent danger of serious physical injury, this action should now be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that (1) the order granting Plaintiff leave to proceed *in forma pauperis*, doc. 5, be **VACATED**; (2) Plaintiff's motion seeking leave to proceed *in forma pauperis*, doc. 3, be **DENIED**, and this case be **DISMISSED** because Plaintiff is not entitled to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), and the Clerk of Court be directed to note on the docket that this case was dismissed under 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on October 2, 2009.

 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**